NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA.

CAUSE NO. _____

| | | |
|---|---|---|
| VALERIE CARTER | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | \_\_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| TRANSPORTATION | § | OF JEFFERSON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES Plaintiff Valerie Carter, complaining of Defendant Texas Department of Transportation, and for cause of action would show the Court the following:

### Discovery Control Plan

1. As provided in Rule 190, Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 3 and requests that this Court enter a docket control order.

### Plaintiff

2. Plaintiff, Valerie Carter, is an individual whose address is 2940 S Pine Island Road, Beaumont, Texas 77713. The last three digits of Plaintiff's driver's license number are 717. The last three digits of Plaintiff's Social Security number are 502.

### Defendant

3. Defendant, Texas Department of Transportation, is a state agency whose headquarters are in Austin, Texas and who may be served with process by serving Ana Powell, HR Generalist, at 8350 Eastex Fwy, Beaumont, Texas 77708.

### Venue

4. Venue is proper in this county because the events giving rise to this cause of action occurred within Jefferson County.

### Jurisdiction

5. The damages sought in this suit are within the jurisdictional limits of the Court. As required by Rule 47, Texas Rules of Civil Procedure, Plaintiff seeks monetary relief of between $250,000.00 and

$1,000,000.00, though Plaintiff contends that the extent of relief granted is a matter more properly within the purview of the jury and/or the Court.

## Facts

6. Plaintiff was employed with the State of Texas for roughly 12 years, total, beginning work under the DPS in 2011 and transferring to TxDot in 2020. During her employment with the State, Plaintiff performed adequately and was never reprimanded, nor did she receive any inadequate annual employment reviews during her extended tenure.

7. In July of 2020, Plaintiff was transitioned to remote work as a result of Covid-19 policies. For almost two years, Plaintiff discharged her duties remotely with no difficulties caused by or related to the remote nature of her work.

8. Plaintiff was diagnosed with Covid-19 in April of 2022 and subsequently developed respiratory sequela associated with "long-covid," a condition affecting, *inter alia*, Plaintiff's ability to breath, ambulate, and reside for long periods of time in less temperate environments. Despite her disability, Plaintiff could perform the essential functions of their job with reasonable accommodations and returned to work under ADA accommodation of remote work in July of 2022, which was redundant given the Covid policies.

9. In October of 2022, Plaintiff was informed, without adequate explanation, that she would no longer be permitted to work remotely despite her ADA accommodation and despite that she had satisfactorily discharged her duties *prior* to contracting Covid-19 for nearly two years on a remote basis. She was further informed that her new accommodation would be leave from work with or without pay.

10. Plaintiff demanded reasonable accommodations from TxDOT on or around November 8, 2022, which included the ability to work remotely, as she had at the time for over two years - even *prior* to her disability.

11. TxDOT failed to provide the requested accommodations and terminated Plaintiff's employment in March of 2023, without adequate explanation, and despite that Plaintiff had satisfactorily discharged her duties on a remote basis for nearly two and a half years prior to her termination.

## Exhaustion of Administrative Remedies

12. After her termination, Plaintiff filed a charge with the EEOC and counsel for Plaintiff received (accessed) her Notice of Right to Sue on December 18, 2023.

## Causes of Action

### A. Americans with Disabilities Act (ADA) – Discrimination (42 U.S.C. § 12101 et seq.)

Element 1: Plaintiff is a person with a disability within the meaning of the ADA.

Element 2: Plaintiff is qualified to perform the essential functions of the job, with or without reasonable accommodations.

Element 3: Defendant is an employer covered under the ADA.

Element 4: Plaintiff suffered an adverse employment action because of her disability.

Element 5: Defendant failed to provide reasonable accommodations to Plaintiff.

### B. Rehabilitation Act of 1973 – Discrimination (29 U.S.C. § 794)

Element 1: Plaintiff is a person with a disability within the meaning of the Rehabilitation Act.

Element 2: Defendant is a program or operation receiving Federal financial assistance, making it subject to the Rehabilitation Act.

Element 3: Plaintiff is qualified to perform the essential functions of the job, with or without reasonable accommodations.

Element 4: Plaintiff suffered discrimination solely on the basis of disability in employment practices by Defendant.

### C. Texas Commission on Human Rights Act (TCHRA) – Discrimination (Tex. Lab. Code Ann. § 21.001 et seq.)

Element 1: Plaintiff is a person with a disability within the meaning of the TCHRA.

Element 2: Defendant is an employer covered under the TCHRA.

Element 3: Plaintiff was qualified for the job and able to perform its essential functions with or without reasonable accommodation.

Element 4: Plaintiff suffered an adverse employment action (termination) because of the disability.

Element 5: Defendant failed to reasonably accommodate Plaintiff's disability.

**D. Texas Commission on Human Rights Act (TCHRA) – Wrongful Termination in Violation of Public Policy**

Element 1: Defendant's termination of Plaintiff's employment constitutes wrongful termination in violation of the Texas Commission on Human Rights Act, which prohibits discrimination against employees with disabilities and requires employers to make reasonable accommodations.

Element 2: As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered lost wages, benefits, emotional distress, and other compensable damages.

**E. Retaliation under the Texas Commission on Human Rights Act (TCHRA) and Federal Law**

13. Plaintiff further alleges that Defendant engaged in unlawful retaliation in violation of the Texas Commission on Human Rights Act, Tex. Lab. Code Ann. § 21.001 et seq., and applicable federal statutes including Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), and the Family and Medical Leave Act (FMLA). Specifically:

Element 1: Plaintiff engaged in protected activity by requesting reasonable accommodation for her disability.

Element 2: Defendant, through its agents or employees with decision-making authority, was aware of Plaintiff's participation in this protected activity.

Element 3: Subsequent to engaging in protected activity, Plaintiff suffered an adverse employment action by Defendant, which included denial of reasonable accommodation and termination.

Element 4: A causal link exists between Plaintiff's engagement in protected activity and the adverse employment action taken by Defendant, evidenced by the fact that Plaintiff was previously not only permitted, but *instructed* to work remotely for nearly two years without problem prior to falling ill, and threats of termination and termination were proximate to Plaintiff's demand for accommodation.

Element 5: As a direct and proximate result of Defendant's retaliatory actions, Plaintiff suffered damages, including but not limited to, lost wages, emotional distress, and other compensable losses.

### Attorney's Fees and Costs

14. Plaintiff requests judgment for reasonable attorney's fees and costs under Sections 37.009 and 38.001, Texas Civil Practice and Remedies Code.

## Jury Demand

15. Plaintiff hereby requests a jury trial.

## Required Initial Disclosures

16. As provided in Rule 194, Texas Rules of Civil Procedure, required Initial Disclosures of all items listed in Rule 194.2 must be made at or within 30 days after the filing of the first answer unless a different time is set by the parties' agreement or court order.

## Prayer

Plaintiff prays that citation be issued commanding Defendant to appear and answer herein and that Plaintiff be awarded judgment against Defendant for actual damages, pre-judgment interest, post-judgment interest, costs of Court and for all other relief to which Plaintiff is entitled both in equity and at law.

Respectfully submitted,

Floyd Lazatin, LLP
1090 Longfellow Drive
Beaumont, TX 77707

C. Adam Floyd
Bar no: 24086426
F. "Juno" Lazatin
Bar no: 24089037
Attorneys for Valerie Carter
Office Phone: (409) 247-4407
Email: adam@floydlazatin.com